**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JOHN DOE,
   Plaintiff,

          v.

CLARK ATLANTA UNIVERSITY,
   Defendant.

Civil Action No.
1:24-cv-04496-SDG

## ORDER

Plaintiff John Doe was a campus police officer at Defendant Clark Atlanta University (CAU) from May 6, 2024 until approximately September 9, 2024.[1] Doe contends that he was discriminated and retaliated against because he reported illicit conduct by other CAU police officers.[2] He filed suit on October 3, seeking to proceed anonymously. He also asks for a temporary restraining order preventing CAU from terminating his employment or forcing him to resign.[3]

To obtain preliminary injunctive relief, the moving party must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."

---

[1]   ECF 1, at 3, 85.

[2]   *See generally* ECF 1.

[3]   *Id.* at 1.

*Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). Such relief is an "extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (cleaned up). Doe has not met this standard.

Doe asserts claims under 42 U.S.C. §§ 1981 and 1983, the Americans with Disabilities Act, and Title VII of the Civil Rights Act, as well as state-law tort claims,[4] but the thrust of his allegations relates to alleged violations of Title VII and the ADA. He has not alleged facts that support claims under §§ 1981 or 1983 or stated what tort claims he is pursuing. Doe cannot show a substantial likelihood of success on claims under Title VII because he has not received a right-to-sue letter from the EEOC.[5] In the Eleventh Circuit, administrative exhaustion is a jurisdictional prerequisite to a Title VII action. *Bloodworth v. Colvin*, 17 F. Supp. 3d 1245, 1250 (N.D. Ga. 2014) (citing *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999)). Compliance with the EEOC's procedural regulations is a condition precedent to the Court's subject matter jurisdiction over Doe's attempted Title VII claims. Nor has Doe demonstrated a strong likelihood that he was discriminated against because of a disability, which requires showing that CAU refused to

---

4    *Id.* at 3.

5    *Id.* at 14.

supply a reasonable accommodation for his asserted disability despite his request. *Todd v. Carstarphen*, 236 F. Supp. 3d 1311, 1327 (N.D. Ga. 2017); *Medina v. City of Cape Coral, Fla.*, 72 F. Supp. 3d 1274, 1278 (M.D. Fla. 2014).

Moreover, Doe's employment has already been terminated.[6] He is not trying to enjoin CAU to preserve the status quo pending this lawsuit; he is seeking — on an ex parte basis — a mandatory injunction that would require CAU to rehire him immediately. Such affirmative preliminary relief is strongly disfavored and only granted in rare instances. *Powers v. Sec'y, Fla. Dep't of Corrs.*, 691 F. App'x 581, 583 (11th Cir. 2017) (per curiam); *Cable Holdings of Battlefield, Inc. v. Cooke*, 764 F.2d 1466, 1474 (11th Cir. 1985). Doe has not identified any harm he faces for which the relief available under Title VII would be inadequate (*e.g.*, compensatory and punitive damages, reinstatement, back pay). 42 U.S.C. §§ 1981a(a)(1), 2000e-5(g)(1). In short, Doe has not shown a likelihood of success on the merits or irreparable harm so he is not entitled to a temporary restraining order.

Nor has Doe supplied a reason for sealing the entire case, although he also argues he should be allowed to proceed pseudonymously.[7] On a showing of good cause, the Court may enter a protective order to protect particular documents or

---

6    *See, e.g.*, ECF 2, at 1 (emphasis added) ("The petitioner, a ***former*** Clark Atlanta University [ ] police officer . . . .").

7    *See, e.g., id.*

parts thereof. Fed. R. Civ. P. 26(c)(1). But Doe has pointed to no law that would support sealing this entire *case* from public view. Confidentiality is the exception, not the rule. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.").

Doe's motion for a temporary restraining order [contained in ECF 1] is **DENIED**. To the extent Doe asks to seal the entire action [ECF 2], that request is **DENIED**. The Clerk is **DIRECTED** to refer this action to a magistrate judge for further proceedings consistent with NDGa Standing Order No. 18-01. To the extent Doe seeks to proceed pseudonymously, that request [in ECF 2] is **REFERRED** to the magistrate judge for consideration.

**SO ORDERED** this 9th day of October, 2024.

_____
Steven D. Grimberg
United States District Judge